IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs January 16, 2026

## IN RE ESTATE OF CARLA NOVAK

**Appeal from the Chancery Court for Robertson County**
**No. CH22-CV170   Benjamin K. Dean, Chancellor**

_____

**No. M2026-00075-COA-T10B-CV**
_____

In this interlocutory recusal appeal, Appellant argues that in addition to the grounds for recusal relied upon in the trial court, the trial judge's failure to promptly rule on his motion constitutes an additional basis for recusal. Based on Appellant's failure to comply with Rule 10B of the Rules of the Supreme Court of the State of Tennessee, we dismiss this appeal.

**Tenn. Sup. Ct. R. 10B Interlocutory Appeal as of Right; Appeal Dismissed**

J. STEVEN STAFFORD, P.J., W.S., delivered the opinion of the court, in which JEFFREY USMAN, J. and D. KELLY THOMAS, JR., SP., J., joined.

David Novak, Goodlettsville, Tennessee, Pro Se.

Emily Cannon Green, Springfield, Tennessee, for the appellee, Estate of Carla Novak.

Cayden Novak, Goodlettsville, Tennessee, Pro Se.

Madison Novak, Greenbrier, Tennessee, Pro Se.

**MEMORANDUM OPINION[1]**

---

[1] Rule 10 of the Rules of the Court of Appeals of Tennessee provides:

This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

# I. FACTUAL AND PROCEDURAL BACKGROUND[2]

This appeal stems from a motion for recusal filed by Appellant David Novak in the Robertson County Chancery Court ("the trial court") on October 27, 2025. The motion sought the recusal of Chancellor Benjamin K. Dean on three bases. Mr. Novak alleged that Chancellor Dean had (1) continued proceedings in the case despite two orders pending appellate review, (2) presided over ex parte proceedings without notice to Mr. Novak, and (3) showed favoritism by charging Mr. Novak with criminal contempt "for asserting lawful survivorship rights" but allowing another party "to proceed contrary to statutory probate requirements." Mr. Novak alleged that the totality of these circumstances demonstrated an appearance of bias.

According to Mr. Novak's petition for accelerated interlocutory appeal, his recusal motion has not been set for hearing, and the trial court has made no response to the motion. Mr. Novak asserts that the trial court's failure to promptly rule on his motion serves as an independent ground for recusal.

# II. ANALYSIS

Appeals following a motion to recuse are governed by Rule 10B of the Rules of the Supreme Court of the State of Tennessee. The standard of review of a Rule 10B appeal is de novo, with no presumption of correctness. Tenn. Sup. Ct. R. 10B, § 2.01. If we determine, after reviewing the petition and its supporting documents, that no answer to the petition is required, we may "act summarily on the appeal." Tenn. Sup. Ct. R. 10B, § 2.05. Similarly, we may, in our discretion, decide the appeal without oral argument. Tenn. Sup. Ct. R. 10B, § 2.06. Following our review of Mr. Novak's petition for recusal appeal, we have determined that neither an answer, additional briefing, nor oral argument is necessary, and we elect to act summarily on the appeal in accordance with Rule 10B sections 2.05 and 2.06.

Tennessee Code of Judicial Conduct Rule 2.11 provides that "[a] judge shall disqualify himself or herself in any proceeding in which the judge's impartiality might reasonably be questioned[.]" Tenn. R. Sup. Ct. 10, § 2.11. It is well settled that "[t]he right to a fair trial before an impartial tribunal is a fundamental constitutional right." ***Bean v. Bailey***, 280 S.W.3d 798, 803 (Tenn. 2009) (citation omitted). We have previously

---

[2] In order to affect an accelerated interlocutory appeal in a recusal matter, the appellant is required to support his or her petition for recusal appeal with "all supporting documents filed in the trial court, a copy of the trial court's order or opinion ruling on the motion, and a copy of any other parts of the trial court record necessary for determination of the appeal." Tenn. Sup. Ct. R. 10B, § 2.03. The appeal is then to be decided on an expedited basis. Tenn. Sup. Ct. R. 10B, § 2.06. As we discuss *infra*, the record as submitted by Mr. Novak contains no sworn testimony and thus no evidence. We therefore can only rely on the documents submitted with the petition for appeal.

emphasized that "the preservation of the public's confidence in judicial neutrality requires not only that the judge be impartial in fact, but also that the judge be perceived to be impartial." *Kinard v. Kinard*, 986 S.W.2d 220, 228 (Tenn. Ct. App. 1998) (citations omitted). Accordingly, even in cases where a judge sincerely believes that he or she can preside over a matter fairly and impartially, recusal is nevertheless required in cases where a reasonable person "in the judge's position, knowing all the facts known to the judge, would find a reasonable basis for questioning the judge's impartiality." *Davis v. Liberty Mut. Ins.*, 38 S.W.3d 560, 564–65 (Tenn. 2001) (quoting *Alley v. State*, 882 S.W.2d 810, 820 (Tenn. Crim. App. 1994)). It is an objective test designed to avoid actual bias and the appearance of bias, "since the appearance of bias is as injurious to the integrity of the judicial system as actual bias." *Id.* at 565 (citation omitted).

Before we can address the merits of Mr. Novak's motion for recusal, however, we must first consider the procedural requirements set out in Rule 10B. A party seeking disqualification of a trial judge must "do so by a written motion filed promptly after a party learns or reasonably should have learned of the facts establishing the basis for recusal." Tenn. R. Sup. Ct. 10B, § 1.01. "The motion shall be supported by an affidavit under oath or a declaration under penalty of perjury on personal knowledge and by other appropriate materials." *Id.* In addition to stating with specificity the factual and legal basis for recusal, the motion "shall affirmatively state that it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation." *Id.* These requirements are mandatory, and "[w]hen a petitioner fails to support a motion with this mandatory affidavit or declaration under penalty of perjury, we have repeatedly held that the request for recusal was waived." *Moncier v. Wheeler*, No. E2020-00943-COA-T10B-CV, 2020 WL 4343336, at *3 (Tenn. Ct. App. July 28, 2020) (collecting cases). Although many cases of waiver involve the omission of both the affidavit and the affirmative statement, *id.* at *5; *Hobbs Purnell Oil Co. v. Butler*, No. M2016-00289-COA-R3-CV, 2017 WL 121537, at *14–15 (Tenn. Ct. App. Jan. 12, 2017), the omission of the affidavit alone has often led to waiver. *Childress v. United Postal Serv., Inc.*, No. W2016-00688-COA-T10B-CV, 2016 WL 3226316, at *2–3 (Tenn. Ct. App. June 3, 2016); *Johnston v. Johnston*, No. E2015-00213-COA-T10B-CV, 2015 WL 739606, at *2 (Tenn. Ct. App. Feb. 20, 2015).

Here, Mr. Novak's motion for recusal contained neither an affidavit under oath nor a declaration under penalty of perjury that the allegations were based on his personal knowledge; the motion also did not contain an affirmative statement that it was not being presented for an improper purpose. Accordingly, Mr. Novak has failed to comply with the mandatory requirements set out in Rule 10B.

We acknowledge that Mr. Novak is proceeding pro se in this appeal. As explained by this Court, "[t]he courts should take into account that many pro se litigants have no legal training and little familiarity with the judicial system. However, the courts must also be mindful of the boundary between fairness to a pro se litigant and unfairness to the pro se

litigant's adversary." ***Jackson v. Lanphere***, No. M2010-01401-COA-R3-CV, 2011 WL 3566978, at *3 (Tenn. Ct. App. Aug. 12, 2011) (quoting ***Hessmer v. Hessmer***, 138 S.W.3d 901, 903 (Tenn. Ct. App. 2003)). Therefore, "[w]hile entitled to fair and equal treatment before the courts, a pro se litigant is still required to comply with substantive and procedural law as do parties represented by counsel." ***Gilliam v. Gilliam***, No. M2007-02507-COA-R3-CV, 2008 WL 4922512, at *3 (Tenn. Ct. App. Nov. 13, 2008) (citing ***Hessmer***, 138 S.W.3d at 903). Mr. Novak's pro se status does not relieve him of the obligation to comport with the requirements set out in Rule 10B.

This Court has previously chosen to address the substance of a recusal motion despite a petitioner only substantially complying with Rule 10B requirements when faced with an appeal under Rule 3 of the Tennessee Rules of Appellate Procedure. *See, e.g.*, ***Vazeen v. Sir***, No. M2022-00273-COA-R3-CV, 2023 WL 6160350, at *9 (Tenn. Ct. App. Sept. 21, 2023) (citing ***Stark v. Stark***, No. W2019-00901-COA-T10B-CV, 2019 WL 2515925, at *6 (Tenn. Ct. App. June 18, 2019)).[3] However, we have consistently stressed that "the accelerated nature of these interlocutory appeals as of right requires meticulous compliance with the provisions of Rule 10B regarding the content of the record provided to this Court[.]" ***Elliott v. Elliott***, No. E2012-02448-COA-T10B-CV, 2012 WL 5990268, at *3 (Tenn. Ct. App. Nov. 30, 2012); ***Johnston***, 2015 WL 739606, at *2. Doing so allows this Court to meet its obligations under Rule 10B, which requires this Court to decide these appeals "on an expedited basis." Tenn. Sup. Ct. R. 10B, § 2.06. Thus, when the record on interlocutory appeal is "procedurally flawed" by the petitioner's failure to include a sworn affidavit or declaration under penalty of perjury in support of the motion to recuse, "the record is insufficient to determine the issues raised" in the appeal. ***Childress***, 2016 WL 3226316, at *3. Moreover, the failure to provide any sworn testimony means that Mr. Novak has failed to present this Court with any "*evidence* that would prompt a reasonable, disinterested person to believe that the judge's impartiality might reasonably be questioned." ***Duke v. Duke***, 398 S.W.3d 665, 671 (Tenn. Ct. App. 2012) (quoting ***Eldridge v. Eldridge***, 137 S.W.3d 1, 7–8 (Tenn. Ct. App. 2002)).[4]

Our review in this case is further hampered by an additional hurdle: the lack of a written order adjudicating Appellant's motion to recuse. Under Rule 10B, the time for filing an accelerated interlocutory appeal is "within twenty-one days of the trial court's *entry of the order*" disposing of the motion for recusal. Tenn. Sup. Ct. R. 10B, § 2.02

---

[3] In ***Vazeen***, the appellant had submitted declarations in support of some of his recusal motions. The failure in that case was primarily the lack of affirmative statement that the motion was not being presented for an improper purpose. *Id.*

[4] As we have previously explained when similarly faced with a petition containing allegations of the trial judge's bias against the petitioner but a lack of sworn testimony, "conclusory statements, devoid of facts or details, do 'not rise to the dignity of evidence.'" ***Judzewitsch v. Judzewitsch***, No. E2022-00475-COA-T10B-CV, 2022 WL 1279790, at *2 (Tenn. Ct. App. Apr. 29, 2022) (quoting ***Four Seasons Heating & Air Conditioning, Inc. v. Beers Skanska, Inc.***, No. M2002-02783-COA-R3-CV, 2003 WL 22999430, at *5 (Tenn. Ct. App. Dec. 23, 2003)).

(emphasis added). As previously noted, Rule 10B further provides that a petition for recusal appeal be accompanied by "the trial court's order or opinion ruling on the motion[.]" Tenn. Sup. Ct. R. 10B, § 2.03. That no order adjudicating Mr. Novak's motion has been entered therefore raises a significant question as to our jurisdiction to review the merits of this appeal. However, this case is somewhat unusual in that Mr. Novak asserts that the trial court's failure to enter a ruling on the motion is its own basis for recusal.

While a trial judge must "act promptly" in adjudicating a recusal motion, Tenn. Sup. Ct. R. 10B, § 1.03, Mr. Novak states in his petition for recusal appeal that "[n]o hearing has been set" on his motion to recuse; we take this to mean that he has not set his motion for a hearing. *See* Robertson County Chancery Court Local Rule 8.01 ("All motions shall contain a notice of hearing advising opposing counsel (or pro se litigant) of the date and time a motion is scheduled to be heard."). Nor is there anything in the record on appeal to suggest that the trial court has ruled on any other matters while the recusal motion has been pending. *See* Tenn. Sup. Ct. R. 10B, § 1.02 ("While the motion is pending, the judge whose disqualification is sought shall make no further orders and take no further action on the case, except for good cause stated in the order in which such action is taken."). Although we understand Appellant's frustration with the trial court's alleged delay in ruling on his motion, our jurisdiction in an accelerated interlocutory appeal is limited; without a written order denying Appellant's motion to recuse, we have nothing to review. *See, e.g.*, **Arnold v. Malchow**, No. M2024-00314-COA-T10B-CV, 2024 WL 1092995, at *2–3 (Tenn. Ct. App. Mar. 13, 2024) (dismissing a Rule 10B appeal because "the trial court has not entered an order denying Appellant's motion for recusal" so "there is nothing for this Court to review under Rule 10B").

Generally, when faced with an accelerated interlocutory recusal appeal in which the appellant failed to strictly comply with the requirements set out in Rule 10B, this Court will find the recusal request to be waived and affirm the trial court's disposition of the recusal motion. *See, e.g.*, **Moncier**, 2020 WL 4343336, at *3; **Childress**, 2016 WL 3226316, at *3. In this case, however, the trial court has not yet adjudicated the motion. As such, Mr. Novak's appeal is dismissed without prejudice as to his October 27, 2025 motion for recusal.

### III. CONCLUSION

This appeal is dismissed and the matter is remanded to the trial court for further proceedings. Costs of this appeal are taxed to Appellant David Novak, for which execution may issue if necessary.

s/ J. Steven Stafford
J. STEVEN STAFFORD, JUDGE